**EMPIRE STATE ALUMINUM CORP., Plaintiff-Appellee, v. EMPIRE ALUMINUM CO., Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3931.   Decided May 10, 1957.

Falls, Hazel & Kerr, Youngstown, for plaintiff-appellee.
Hyman L. Berman, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS; J.

In an action by the Empire State Aluminum Corp. against the Empire Aluminum Co. for a perpetual restraining order the court of common pleas permanently enjoined Empire Aluminum Co. "from directly or indirectly using or referring to the name Empire Aluminum alone, or in combination with other words, in connection with the advertising or operation of the business of manufacturing, fabricating, processing, purchasing, selling or distributing aluminum, or products incorporating aluminum therein."

The case was submitted "to the court of common pleas on the petition, the amended answer, the reply," and the evidence. The trial judge overruled defendant's motion for a new trial, and on March 5, 1957, entered judgment on his finding for plaintiff, and it is from that judgment that defendant, Empire Aluminum Co. appeals to this court on questions of law and fact.

The case was submitted to this court on the pleadings filed, the evidence submitted, and the record made in the court of common pleas.

Plaintiff, a corporation, incorporated in New York in 1951, is and since incorporation has been engaged throughout the United States in buying, selling, and distributing metals and metal products, especially aluminum, in all forms, such as sheets, tubing, extrusions, angles, rods, all of which products it has advertised extensively at great cost to Empire State Aluminum Corp., which name it has featured prominently in such advertisements and mailing lists of upward of nine thousand names.

There is evidence that as the result of such activities the name Empire State Aluminum Corp., Empire State and Empire, are well and favorably known to the aluminum trade.

Also there is evidence that defendant, Empire Aluminum Co., a corporation incorporated in Ohio in January 1956, has since that time, over plaintiff's protest, advertised its name and products in national trade journals and Youngstown telephone directories to the confusion of the buying public, and sells its products throughout the United States; and that previous to January 1956 Empire Aluminum Co. operated under the name Trimedge, Inc.

There is evidence that by its diligence plaintiff has established the name "Empire" as part of its corporate name, has an enviable reputation and good will within the aluminum industry by reason of that name in combination with the word "aluminum," and that the word "aluminum" whenever used in industry is associated with the name and refers to Empire State Aluminum Corp. of New York City, the plaintiff herein.

It is claimed that this type of unfair trade practice and unfair competition of and by the defendant constitutes a fraud upon the public, and is one in which a court generally will enjoin since the damages resulting to plaintiff from such acts of defendant is so difficult, if not impossible, to ascertain that damages at law would be inadequate.

See **39 O. Jur., Pages 393-412, Section 51, et seq.;** and 52 American Jurisprudence, Pages 599-611, Sections 127 et seq.

In the case of **The Henry Furnace Co. v. Kappelman, et al, 91 Oh Ap 451,** the first and second paragraphs of the syllabus read:—

"Unfair competition is not confined to cases of actual market competition between similar products but extends to cases in which plaintiff, by virtue of prior investment or appropriation, is entitled to be protected from confusion with the defendant and from consequent loss of money or good will. If the defendant's conduct is likely to cause such confusion that the public believes, or is likely to believe, that the goods of defendant are the goods of plaintiff, or that plaintiff is in some way connected with, or is sponsor of, defendant, a sufficient case may be made for equitable relief, even though there is no direct competition between the parties. That plaintiff is a manufacturer or wholesaler and sells only to dealers and distributors, while the defendant sells to the public or ultimate consumers, does not affect this principle.

"Injunctive relief against the use of another's trade name is not precluded by the fact that the defendant corporation may have received from the state a charter authorizing it to use the name as part of its corporate name."

In **The Cleveland Opera Co. v. The Cleveland Civic Opera Assn., Inc., 22 Oh Ap 400,** the third, fourth and fifth paragraphs of the syllabus read:—

"3. Words, geographical or descriptive are not barred in a tradename, unless in connection with other words they are precisely or so substantially similar that deception would arise.

"4. Defendant's name, the Cleveland Civic Opera Association, Incorporated, held to be so substantially similar to plaintiff's name of the Cleveland Opera Company that use thereof would amount to unfair competition; word 'Civic' meaning city, citizen, or citizenship, adding nothing to geographical word, Cleveland, and 'Association' being essentially a company.

"5. Equity, without other evidence, will enjoin use by a competitor of name which is so substantially similar that it causes confusion and thus unfair competition."

Upon the evidence in this case and the law applicable thereto plaintiff, Empire State Aluminum Corp., is entitled to a permanent injunction restraining defendant, Empire Aluminum Co. from directly or indirectly using or referring to the name "Empire Aluminum" alone, or in combination with other words, in connection with the advertising or operation of the business of manufacturing, fabricating, processing, purchasing, selling or distributing aluminum, or products incorporating aluminum therein, as found by the trial judge.

Finding and decree for plaintiff, Empire State Aluminum Corp., the same as in the court of common pleas as regards injunctive relief.

GRIFFITH, J, concur.
NICHOLS, PJ, dissents.